IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESUS QUEZADA,

    Plaintiff,

vs.                                                                                                        No. 1:17-CV-01163-LF

ANDREW M. SAUL,[1] Commissioner
of the Social Security Administration,

    Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY FEES
PURSUANT TO 42 U.S.C. § 406(b)**

THIS MATTER comes before the Court upon attorney Michael D. Armstrong's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum, filed on August 26, 2019. Doc. 19. The motion seeks $27,528.75 in attorney fees for legal services rendered before the Court. *Id.* at 1. The Commissioner states that he is not a party to § 406(b) fee awards and defers to the Court's discretion on the matter. Doc. 30 at 1, 4. Having reviewed the briefing, the record, and the applicable case law, and being otherwise fully advised in the premises, I find the motion well taken and will GRANT it IN PART.

### I.     Procedural History

Mr. Quezada filed his initial application for Disability Insurance Benefits ("DIB") on October 29, 2008. AR 137–43. After the Social Security Administration ("SSA") denied his claims initially and on reconsideration, Mr. Quezada requested and received a hearing before an Administrative Law Judge ("ALJ"), at which Mr. Quezada testified with the assistance of an

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019 and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

interpreter. AR 28–53, 65–72, 79–81, 82–83. The ALJ issued an unfavorable decision and Mr. Quezada requested review by the Appeals Council, which denied the request on September 20, 2012. AR 1–8, 9–27, 134−35. Mr. Quezada appealed the Commissioner's decision to this Court. *See Quezada v. Social Security Administration*, 1:12-cv-01204-MCA-WPL (D.N.M. 2012). After almost a year, the Commissioner agreed to remand the case pursuant to sentence four of § 205(g) of the Social Security Act. AR 561–62.

During the pendency of the appeal, Mr. Quezada applied for supplemental security income ("SSI"). AR 567. The state agency that reviewed Mr. Quezada's SSI application issued a favorable determination, finding Mr. Quezada disabled beginning April 1, 2013. *Id*. Subsequently, the Appeals Council issued an order remanding the DIB case to an ALJ for further proceedings in accordance with the order of the District Court. AR 567–69. The Appeals Council affirmed the state agency determination that Mr. Quezada was disabled beginning April 1, 2013 but ordered that "the period prior to April 1, 2013 requires further administrative proceedings." AR 567.

The ALJ held a second hearing on November 5, 2014, in which Mr. Quezada again testified with the assistance of an interpreter. AR 523, 540–59. The ALJ issued a second unfavorable decision which became the final decision of the Commissioner. AR 517–39. Mr. Quezada once again appealed the Commissioner's final decision to this Court, which remanded the case a second time "for consideration of the sole issue of the date of onset of Plaintiff's disability . . . ." AR 820–21. *See Quezada v. Social Security Administration*, 1:15-cv-00282-LAM (D.N.M. 2015).

On remand, a different ALJ held a brief hearing in which Mr. Quezada appeared and was assisted by an interpreter. AR 762–69. A vocational expert was also present. AR 762, 764. The

hearing, however, was rescheduled because a medical expert was not present. AR 766–68, 770–99. Mr. Quezada was not present during the third and final hearing, but he was represented by counsel. AR 772. The hearing specifically focused on the period from March 10, 2008 to March 31, 2013. AR 772. The ALJ issued an unfavorable decision, and Mr. Quezada appealed the decision to this Court. Doc. 1. AR 732–61. It is this third decision by the second ALJ that formed the basis for Mr. Quezada's third appeal. This Court found that the ALJ erred because the VE did not consider that Mr. Quezada could not speak English and did not resolve this fact with the language requirements in the DOT. Accordingly, the Court remanded the case for an immediate award of benefits. Doc. 25. The Social Security Administration awarded Mr. Quezada full benefits from September 2008 forward in the amount of $110,115.00 for past due benefits and continued monthly benefits in the amount of $813.00. Doc. 29-1 at 15–20.

Mr. Quezada's counsel, Michael D. Armstrong,[2] represented him during the third and final appeal to this Court. This Court awarded Mr. Armstrong attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). Docs. 27, 28. Because Mr. Quezada was awarded benefits on remand, Mr. Armstrong now requests that he be awarded $27,528.75 (25% of $110,115.00) as attorney fees for legal services rendered before this Court for the third appeal. Doc. 29 at 1.

## II. Standard

Section 406(a), title 42, United States Code, governs fees for representation at administrative proceedings, and § 406(b) governs fees for representation in court. *McGraw v.*

---

[2] Mr. Armstrong represented Mr. Quezada at the second and third administrative hearings. AR 762, 770. Mr. Armstrong is not seeking attorney fees for services at the administrative level but only for those fees incurred for services rendered before this Court beginning in November of 2017. *See* Doc. 29-1.

3

*Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006). "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id.* Attorneys representing Social Security claimants in court may seek fees for their work under both EAJA and under § 406. *Id.* at 497.[3] If the Court awards both EAJA fees and § 406 fees, however, counsel must refund the smaller amount to the claimant. *Id.*

> Under 42 U.S.C. § 406(b)(1),
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

"The tenor of 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128

---

[3] The Tenth Circuit has explained:

> There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits. *See* [*Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001)]; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits). Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1).

*McGraw*, 450 F.3d at 497.

(6th Cir. 1971). Traditionally, an award of attorney fees is a matter within the sound discretion of the court. *Id*. "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by the reasonable hourly fee." 535 U.S. 789, 798–99 (2002). The Supreme Court instead concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id.* at 793. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *See id*. at 808. Ultimately, plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). A court may require the plaintiff's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing rate for non-

5

contingency fees cases. *Id*. at 808. The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

### III. Analysis

First, the Court must determine if the Fee Agreement meets § 406(b)(1) guidelines. Mr. Quezada signed a fee agreement on November 20, 2017, which states in part:

> If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by federal court in my case in which my attorney represented me, I agree to pay my attorney twenty-five percent (25%) of my and my family's past-due benefits. . . .
>
> I understand that the federal court m[a]y order the Social Security Administration to pay all or part of the attorney's fee and expenses, under a law named the Equal Access to Justice Act ("EAJA"). If an attorney's fee is awarded under the EAJA, this may lower the amount that I have to pay from my past-due benefits. In no event will the attorney's fee that I am obligated to pay out of past-due benefits be greater than 25% of the past-due benefits awarded.

Doc. 29-1 at 25. Thus, the Fee Agreement meets § 406(b)(1)'s guideline of not exceeding 25% of the past-due benefits.

Second, having reviewed the particular facts of this case in light of the *Gisbrecht* factors, I find that plaintiff's counsel has not shown that $27,528.75 is a reasonable fee for his representation of plaintiff before this Court. Mr. Armstrong clearly obtained a favorable outcome for plaintiff, and he was not responsible for any appreciable delay in resolving the case. Further, this case was remanded after it was fully briefed. Docs. 17, 20, 21, 22. Mr. Armstrong represents his firm devoted 29.9 hours to representing plaintiff on appeal before this Court. Docs. 29 at 4, 29-1 at 21–24.

Mr. Armstrong argues that the low number of hours spent on this case is a result of his efficiency as a highly experienced attorney. Doc. 29 at 4 (quoting *Blankenship v. Schweiker*, 676 F.2d 116, 118 (4th Cir. 1982) ("the ability and skill of a more experienced attorney . . . offset[s] the number of hours put in by one who is not familiar with the applicable statutes and regulations")). The record shows, however, that the bulk of the work in this case was done by an associate attorney, William S. Rode. Doc. 29-1 at 23–24 (showing that Mr. Rode completed 26.7 hours of the 29.9 hours of work performed on this case).[4] And while Mr. Armstrong submitted an affidavit documenting his experience, he does not submit an affidavit documenting Mr. Rode's experience for the Court's review. The Court therefore finds that the award would be disproportionately large in comparison to the amount of time spent on the case. *See Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order.").

This disproportionality is also apparent from the fact that the rate Mr. Armstrong is requesting is higher than any of the cases that he cites. Mr. Armstrong requests $27,528.75 for

---

[4] The affidavit submitted by Mr. Rode does not necessarily support Mr. Armstrong's request for attorney's fees in this case. Mr. Rode submits that he was "co-counsel in Garth Finley's case," and that he reviewed "the 731-page administrative record." The affidavit clearly references the wrong claimant and the record in this case was 1188 pages long. *See* Doc. 12-1. It also references "EAJA fee" rather than Rule 406(b) fees. Doc. 29-1 at 24. Further, the affidavit is signed on December 19, 2018, almost six months prior to the EAJA fee request and eight months prior to the application for 406(b) fees in this case. *Id.*; *see also* Docs. 27, 29. The time entries are vague and could apply to any social security case. Doc. 29-1 at 23–24. The only reference to this case is in paragraph 4 that states "[i]n the prosecution of this action (17-cv-1163 LF, Quesada v. Social Security Administration), **I expended 26.70 in professional services** as follows: . . ." *Id*. at 23 (emphasis in original). The Court presumes that this is simply sloppy "cut and paste" drafting or that Mr. Armstrong is reusing an old form. The Court cautions Mr. Armstrong that he must be more careful with the affidavits submitted to this Court and is reminded that Rule 11 applies to Social Security cases. *See Adamson v. Bowen*, 855 F.2d 668 (10th Cir. 1988); *Hazlett v. Astrue*, No. 09-CV-292-FHM, 2010 WL 2624135, at *5, n.2 (N.D. Okla. June 24, 2010).

7

29.9 hours of work, or $920.69 per hour. Doc. 26 at 1–2. While Mr. Armstrong claims that this is in line with the fees awarded in this district in similar cases, the highest hourly rate he cites from this district is $701.75 per hour. Doc. 29 at 6 (citing *Montes v. Barnhart*, No. 01cv578 BB/KBM (Docs. 19, 22) (D.N.M. Dec. 3, 2004)). The fees requested by Mr. Armstrong would result in a windfall to counsel and are not reasonable. The Court therefore will reduce the amount of attorney fees by 25% and will order an award of $20,646.56 in attorney fees be paid to Mr. Armstrong. This will result in an hourly rate of $690.52, which is more in line with the higher awards in this district. *See, e.g.*, *Valdez v. Barnhart*, No. 00cv1777 MV/LCS (Docs. 26, 28) (D.N.M. Dec. 16, 2005) (awarding $12,000 for 18.6 hours of work, or $645.16 per hour); *Monger v. Colvin*, No. 13cv156 JB/CG (Doc. 37) (D.N.M. Sept. 2, 2016) (awarding $25.947.00 for 38.55 hours of work, or $673.07 per hour).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 26) is GRANTED IN PART. Counsel is awarded $20,646.56 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing plaintiff before this Court.

IT IS FURTHER ORDERED that counsel will refund to plaintiff the $5,600.00 of attorney fees awarded under EAJA, 28 U.S.C. § 2412. *See* Doc. 28.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent